UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BANK OF AMERICA, N.A.,
as successor by merger to
LASALLE BANK NATIONAL
ASSOCIATION, a national
banking association,

        Plaintiff,     Case No.8:13-cv-1568-T-33MAP

v.

SILVERSTAR MAINTENANCE, INC.,
a Florida corporation; PETER
MIU, an individual; and VICTORIA
MIU, an individual,

        Defendants.
_____/

## ORDER

This cause is before the Court pursuant to Plaintiff Bank of America's Motion to Strike Answer to Amended Complaint and Motion for Default, filed August 5, 2013. (Doc. # 16). Upon due consideration, and for the reasons stated below, the Court (1) grants Bank of America's Motion to Strike Answer to Amended Complaint to the extent that it purports to be an Answer on behalf of Silverstar Maintenance, Inc., and (2) denies Bank of America's Motion for Default.

## I.  __Background__

Bank of America commenced this action on June 14, 2013, against Silverstar, Peter Miu, and Victoria Miu alleging mortgage foreclosure, breach of promissory note, and breach of guaranty agreements. (Doc. # 1 at 2, 4-5). The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.[1]

In its Amended Complaint, Bank of America states that "on or about May 18, 2004, [Silverstar] executed and delivered to Bank of America a Multifamily Note in the principal amount of $1,560,000.00 for the purchase of real property . . . ." (Doc. # 7 at ¶ 7). At the time of execution, Peter and Victoria Miu endorsed the Note as guarantors. (Id. at ¶ 8).

---

[1] In sufficiently establishing diversity jurisdiction, Bank of America has alleged that it is a "national banking association with its main office, as set forth in its articles of association, located in Charlotte, North Carolina and is, therefore, a citizen of North Carolina . . . ."(Doc. # 7 at ¶ 1). Bank of America further notes that Peter and Victoria Miu are citizens of Florida, and Silverstar is an inactive Florida corporation that was administratively dissolved; however, prior to dissolution, Silverstar's last place of business was Hillsborough County, Florida. (Id. at ¶¶ 2-4). Additionally, Bank of America has adequately alleged that the amount in controversy in this action exceeds the jurisdictional threshold of $75,000. (Id. at ¶ 5).

The relevant Note is secured by a "Multifamily Mortgage, Assignment of Rents and Security Agreement . . . which grants a mortgage to Bank of America with respect to the property identified therein then owned by and in possession of Silverstar." (Id. at ¶ 9). According to Bank of America, "Silverstar is the present record title holder of the [p]roperty and/or various fixtures thereon . . . [h]owever, Silverstar's interest in the [p]roperty and/or various fixtures thereon is subject, subordinate, and inferior to the right, title, interest, and lien of Bank of America." (Id. at ¶ 14).

Bank of America alleges that Silverstar defaulted under the terms of the Note when it (1) failed to make required payments in March 2013 and April 2013, and (2) failed to pay the 2012 real estate taxes on the property. (Id. at ¶¶ 15, 24). Upon the alleged default, Bank of America declared the full amount payable under the loan due, which Bank of America contends Silverstar has not paid. (Id. at ¶¶ 17, 25-6). As of May 31, 2013, Bank of America purports that Silverstar owes it "$1,380,346.85 that is due on principal on the Note, together with interest in the amount of $35,040.68 plus late charges, costs, title search expenses, and all other amounts

recoverable from Silverstar under the Loan Documents." (<u>Id.</u> at ¶¶ 18, 27).

Bank of America further alleges that as a result of Silverstar's default, Peter and Victoria Miu, as guarantors, are personally liable for the outstanding payments and performance of the obligations due under the Note. (<u>Id.</u> at ¶ 33). After Silverstar's alleged default, Bank of America demanded the outstanding balance from Peter and Victoria Miu, which according to Bank of America they "failed or refused" to pay. (<u>Id.</u> at ¶¶ 36-7). Therefore, it is Bank of America's position that Peter and Victoria Miu are "in default of their guaranty obligations for failure to make payments of principal costs, fees, and interest which Silverstar failed to pay under the Loan Documents." (<u>Id.</u> at ¶ 38).

On July 12, 2013, Peter and Victoria Miu, as registered agents of Silverstar, filed a letter construed by this Court as an Answer. (Doc. # 12). Bank of America filed the present Motion to Strike and Motion for Default on August 5, 2013. (Doc. # 16).

## II. <u>Legal Standard</u>

### A. <u>Motion to Strike</u>

Rule 12(f) of the Federal Rules of Civil Procedure provides:

> The court may strike from a pleading an
> insufficient defense or any redundant,
> immaterial, or scandalous matter. The court may
> act: (1) on its own; or (2) on motion made by a
> party either before responding to the pleading
> or, if a response is not allowed, within 21 days
> after being served with the pleading.

Fed. R. Civ. P. 12(f).

Motions to strike are considered "drastic" and are disfavored by the courts. <u>Thompson v. Kindred Nursing Ctrs. E., LLC</u>, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). Generally, "a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." <u>Reyher v. Trans World Airlines, Inc.</u>, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

### B. <u>Motion for Default</u>

Federal Rule of Civil Procedure 55(a) provides: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the

clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). <u>DirecTV, Inc. v. Griffin</u>, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. <u>See Tyco Fire & Sec. LLC v. Alcocer</u>, 218 F. App'x 860, 863 (11th Cir. 2007) (citing <u>Nishimatsu Constr. Co. v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a Court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. <u>Id.</u> A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. <u>Id.</u>

## III. <u>Analysis</u>

### A.   <u>Motion to Strike Answer to Amended Complaint</u>

In its Motion, Bank of America alleges that Silverstar has attempted to appear in a *pro se* capacity, which is not permitted under the Local Rules. (Doc. # 16 at ¶ 10). In support of this contention, Bank of America suggests that the construed Answer was prepared on behalf of Silverstar

by Peter and Victoria Miu, as registered agents of Silverstar, and not by a licensed attorney.[2]

From the Court's review of the construed Answer, it appears that Silverstar is not represented by counsel. According to Local Rule 2.03(e), "a corporation may appear and be heard only through counsel admitted to practice in the Court . . . ." M.D. Fla. R. 2.03(e). Furthermore, a long line of cases hold that corporations may not appear *pro se* in this Court. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985)("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."); Textron Fin. Corp. v. RV Having Fun Yet, Inc., No. 3:09-cv-2-J-34TEM, 2010 WL 1038503, at *6 (M.D. Fla. Mar. 19, 2010)("a corporation's financial constraints do not excuse the requirement that it have legal representation in Court proceedings."); United States v. Hagerman, 545 F.3d 579, 582 (7th Cir. 2008)("Pro se litigation is a burden on the judiciary, and the burden

_____

[2] Bank of America claims it conducted a "search of the Florida Bar's roll of registered attorneys" and was unable to locate Peter and/or Victoria Miu. (Doc. # 16 at 5). Furthermore, Bank of America notes that if Peter and/or Victoria Miu are licensed attorneys in another jurisdiction, neither has requested permission from the Court to appear *pro hac vice*. (Id.).

is not to be borne when the litigant has chosen to do business in entity form.  He must take the burdens with the benefits.")(internal citations omitted).

Accordingly, Silverstar has until and including September 17, 2013, to obtain counsel.  Absent a notice of appearance of counsel filed on behalf of Silverstar by September 17, 2013, Bank of America is free to initiate the default process.

### B.   Motion for Default against Peter and Victoria Miu

In its Motion, Bank of America alleges that the letter filed by Peter and Victoria Miu, which this Court construed as an Answer, is signed by Peter and Victoria Miu not in their individual capacities, but as registered agents of Silverstar. (Doc. # 16 at ¶¶ 7, 9). Furthermore, Bank of America contends that the Answer does not constitute a proper response — it sets forth general assertions as opposed to specific statements and defenses to the Complaint allegations. (Id. at ¶ 9). Therefore, it is Bank of America's position that Peter and Victoria Miu have failed to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure, and thus, an entry of default against Peter and Victoria Miu is proper. Id.

Upon due consideration, the Court finds that Peter and Victoria Miu attempted to respond to Bank of America's Complaint. Rule 8(b)(1) of the Federal Rules of Civil Procedure states, in pertinent part: "[A] party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." In their response, Peter and Victoria Miu admitted they purchased 6641 and 6715 Deeb Street, Port Richey, Florida, 34668, on May 24, 2004, for $2,750,000, which is the property identified in the mortgage documents. (Doc. # 12 at 1);(Doc. # 1 at Ex. B). Furthermore, the response contains relevant assertions that relate directly to the legal and factual questions surrounding the controversy. In the Court's view, Peter and Victoria Miu, in their individual capacities, have adequately responded to Bank of America's Complaint. Therefore, the Court determines that it is appropriate to deny Bank of America's Motion for Default.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion to Strike Answer to Amended Complaint (Doc. # 16) is **GRANTED** to the extent it purports to be an Answer on behalf of Silverstar;

9

(2)   Silverstar has until and including September 17, 2013, to obtain counsel;

(3)   Plaintiff's Motion for Default Against Peter and Victoria Miu (Doc. # 16) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>16th</u> day of August, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel and Parties of Record